**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CINDY ADAM,

        Plaintiff,

v.

FRANK V. BARONE, et al.,

        Defendants.

Civil Action No. 20-10321 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendants Frank V. Barone, Kirill Chumenko, Green Pogo, LLC (Delaware), Green Pogo, LLC (New Jersey), Natural Beauty Line, LLC, Vegan Beauty, LLC, Improved Nutraceuticals, LLC, Fortera Nutra Solutions, LLC, and Advanced Beauty, LLC's (collectively, "Defendants") Motion to Dismiss the First Amended Complaint or in the Alternative for a More Definite Statement and to Strike Certain Allegations. (ECF No. 67.) Plaintiff Cindy Adam ("Plaintiff") opposed (ECF No. 71) and Defendants replied (ECF No. 76). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

**I.**     **BACKGROUND**

    The parties are familiar with the factual and procedural history of this matter and the Court, therefore, recites only those facts necessary to resolve the instant motion. This action arises from an allegedly fraudulent scheme through which certain beauty products marketed, distributed, and

sold by Defendants were advertised as "free samples," but consumers were later charged a subscription fee for the items. Plaintiff alleges she saw an advertisement on Snapchat for a product called "Nuvega Lash." (First Amended Complaint ¶ 42, ECF No. 33 ("FAC").) Plaintiff clicked on the advertisement, which brought her to a website for Nuvega Lash. (*Id.* ¶ 43.) Plaintiff ordered two "free samples" from the website, as well as a third item that cost $15, and these three items were shipped to Plaintiff. (*Id.* ¶ 45.)

A few weeks later, Plaintiff's credit card was billed a $92.94 charge described as: "Recurring Card Purchase 09/07 Nuveganlashes 800-771-6369 NJ." (*Id.* ¶ 48.) This charge was temporarily reversed by Plaintiff's bank until the bank investigated the charge and ultimately reinstated it. (*Id.* ¶¶ 49-50.) Plaintiff alleges that on information and belief, one or more of the Defendants falsely informed her bank that Plaintiff had agreed to this subscription charge, and made such statement to defraud Plaintiff and her bank. (*Id.* ¶ 50.) Plaintiff contacted Nuvega Lash directly and was informed by a representative that when Plaintiff purchased the products, she agreed to pay the subscription cost if she kept the products. (*Id.* ¶ 54.) The representative offered Plaintiff a refund if she returned the products. (*Id.*) Plaintiff refused this offer because she "did not trust the company which had just fraudulently charged her credit card without consent." (*Id.*) The FAC's remaining allegations describe how Defendants' fraudulent scheme operates, including alleged hidden landing pages, buried or hidden disclosures, and "false front" websites. (*See generally id.*)[1]

Plaintiff filed this action in the United States District Court for the Northern District of California on February 1, 2020. (ECF No. 1.) The FAC was filed on May 5, 2020, and alleges

---

[1] The Northern District of California's opinion partially granting Defendants' motion to transfer to this District provides an overview of Plaintiff's 462-count FAC. (*See* ECF No. 57.)

2

violations of: (1) California's Consumer Legal Remedies Act; (2) California's False Advertising Law; (3) the unfair and fraudulent prongs of California's Unfair Competition Law; (4) the unlawful prong of California's Unfair Competition Law; (5) California's Automatic Renewal Law; (6) the Electronic Fund Transfer Act; (7) the Racketeer Influenced and Corrupt Organizations Act; and (8) various consumer protection laws on behalf of a proposed nationwide class. It also alleges two additional counts: (9) aiding and abetting and (10) civil conspiracy. Defendants filed a motion to dismiss or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). (ECF No. 35.) The Northern District of California granted Defendants' motion to transfer to this District. (ECF No. 57.)

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F.Supp.2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists. *Mortenson*, 549 F.2d at 891; *see also Cardio-Medical Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983).

3

For a federal court to reach the merits of a case, Article III of the Constitution requires that there is an actual "case" or "controversy" between adverse parties. U.S. Const. art. III, § 2, cl. 1. If at any time during the litigation no case or controversy exists, the case becomes moot. *See Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."); *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). When a case becomes moot, a federal court no longer has subject matter jurisdiction over the case. *See id.* at 512–13. A party may raise the issue of subject matter jurisdiction at any time. Fed. R. Civ. P. 12(b)(1). The court must dismiss the case if it lacks subject matter jurisdiction. *Id.*

## III. DISCUSSION

Defendants bring a facial challenge to the Court's subject matter jurisdiction. Defendants argue there is no actual case or controversy because Plaintiff was offered a full refund and that therefore, Plaintiff's claims should be dismissed. (Defs.' Moving Br. 9, ECF No. 67-1.) Defendants argue that this "pre-litigation offer of a full refund to Plaintiff made in the ordinary course of business indisputably moots her claims and divests the Court of subject matter jurisdiction." (*Id.* at 11 (citation omitted).)

In support of this argument, Defendants point to other cases involving refunds from this Circuit, including *Hayes v. Wal-Mart Stores Inc.*, No. 10-460, 2014 WL 654542 (D.N.J. Feb. 20, 2014). (*See* Defs.' Moving Br. 11.) *Hayes* involved the sale of allegedly valueless extended warranty plans on clearance items marked "as-is." *Hayes*, 2014 WL 654542, at *1. The plaintiff bought an as-is television and purchased the warranty, but was never informed that this item was

4

excluded from the warranty. *Id.* at *2. When the plaintiff returned to the store because the television's remote control was not working, he was then told that the television was not covered by the warranty he purchased. *Id.* The plaintiff was offered a refund on the cost of the warranty but declined the offer, and instead received a new remote control. *Id.* The plaintiff filed suit based on the defendant's practice of selling warranties without informing the plaintiff and class members that the warranties do not cover the products they are purchasing. *Id.* at *3. The Third Circuit upheld the district court's finding that the plaintiff's "claims surrounding his purchase of the television be dismissed as moot because he had suffered no harm and had been offered the full refund on the item." *Id.*; *see Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 361 n.10 (3d Cir. 2013). The Third Circuit agreed that the plaintiff's purchase of the warranty could not form the basis for class certification because the defendant had "offered to refund [the plaintiff] the cost of that [warranty], but [the plaintiff] refused to accept the refund." *Hayes*, 725 F.3d at 361 n.10. The court determined that the plaintiff "has suffered no injury arising from his television [warranty] purchase, and [p]laintiff thus lacks standing herein to pursue such a claim." *Hayes*, 2014 WL 654542, at *3.

In response, Plaintiff relies heavily on the Supreme Court's opinion in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), in arguing that her rejection of the refund amounts to an "unaccepted settlement offer" that "creates no lasting right or obligation." (Pl.'s Opp'n Br. 6, ECF No. 71 (quoting *Campbell-Ewald*, 577 U.S. at 156).) *Campbell-Ewald* involved a nationwide advertising and marketing communications agency that sent text messages to potential U.S. Navy recruits. 577 U.S. at 157. The company was supposed to send the messages only to individuals who had "opted in" to receipt of marketing regarding the Navy. *Id.* at 156. Gomez filed a class action complaint on behalf of a nationwide class that had received, but had not consented to

receiving, the text message, alleging violations of the Telephone Consumer Protection Act. *Id.* at 153. The defendant then proposed to settle Gomez's individual claim and filed an offer of judgment pursuant to Federal Rule of Civil Procedure 68, which Gomez did not accept. *Id.* at 158. The Supreme Court upheld the Ninth Circuit, finding that the Rule 68 settlement offer, "once rejected, had no continuing efficacy." *Id.* at 163. The Court held that "[i]n sum, an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case . . . ." *Id.* at 165.

Plaintiff also relies on the Third Circuit case *Weitzner v. Sanofi Pasteur, Inc.*, 819 F.3d 61 (3d Cir. 2016), which adopted *Campbell-Ewald*. (*See* Pl.'s Opp'n Br. 6.) *Weitzner* dealt with the discrete question, on interlocutory review, of "whether an unaccepted offer of judgment under Rule 68, made before a plaintiff files a motion for class certification . . . moots the plaintiff's entire action, including the putative class claims, and thereby deprives a court of federal subject-matter jurisdiction." 819 F.3d at 62. The Third Circuit concluded that *Campbell-Ewald* resolved this question and that "[b]ecause an unaccepted settlement offer 'has no force,' it moots neither [p]laintiff's individual claims nor the case as a whole." *Id.* at 64.

Plaintiff argues that *Campbell-Ewald* applies to all settlement offers, whether pre or post-suit. (Pl.'s Opp'n Br. 6-7.) In support, Plaintiff cites the Seventh Circuit's opinion in *Laurens v. Volvo Cars of North America*, 868 F.3d 622 (7th Cir. 2017). There, approximately six weeks after the plaintiff filed his action alleging that Volvo's misleading advertising caused the plaintiff to pay extra money for his car, Volvo offered to give a full refund to the actual purchaser of the car, the plaintiff's wife, upon return of the vehicle. *Laurens*, 868 F.3d at 624. The plaintiff's wife did not accept the offer and the plaintiff added his wife as a party to the suit. *Id.* Volvo then moved to dismiss for lack of subject matter jurisdiction on the basis of the offered refund. *Id.* The Seventh

6

Circuit applied *Campbell-Ewald* and found that the "unaccepted settlement proposal[]" did not moot the plaintiff's wife's claim. *Id.* at 627.

The present case, however, is not an instance of a "familiar theme of a defense effort to pretermit a proposed class action by picking off the named plaintiff's claim" as was the court's concern in *Laurens*. 868 F. 3d at 623. Nor does it involve an offer of judgment or settlement offer pursuant to Federal Rule of Civil Procedure 68. A review of the cases that Plaintiff offers and others from the Third Circuit demonstrates that the law as announced in *Campbell-Ewald* and its progeny applies to Rule 68 offers of judgment or, as in *Laurens*, cases in which a suit has already been brought. *See, e.g.*, *Martelack v. Toys R Us*, No. 13-7098, 2016 WL 762656, at *2 (D.N.J. Feb. 25, 2016) ("On October 15, 2013, [p]laintiff filed her Complaint," and "[d]efendant 'made an unconditional offer of reinstatement to [p]laintiff' on November 6, 2013"); *McGinnis v. Midland Funding LLC*, No. 20-5370, 2021 WL 1061198, at *2 (D.N.J. Mar. 19, 2021) (finding plaintiff's rejection of Rule 68 offer did not moot the class action); *LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 288 n.2 (3d Cir. 2021) (discussing how *Campbell-Ewald* suggests that plaintiff's rejection of defendant's attempt to refund plaintiff after the filing of the complaint may be sufficient to defeat mootness).

In light of this authority, the Court declines to extend *Campbell-Ewald* as Plaintiff suggests, where a refund was offered in the ordinary course of business by a representative of the company during a phone call with a customer. While the FAC does not provide exact dates, it appears Plaintiff was offered this refund around October 2017 (*see* FAC ¶¶ 50, 54), well before this litigation was filed in February 2020. Even though Plaintiff repeatedly refers to the refund offer as a "settlement offer," (*see generally* Pl.'s Opp'n Br. 6-7), it could not plausibly be considered a settlement offer and *Campbell-Ewald*, therefore, does not apply. *See Winkworth v. Spectrum*

7

*Brands, Inc.*, No. 19-1011, 2020 WL 3574687, at *5 (W.D. Pa. June 30, 2020) ("*Campbell-Ewald*, however, is inapposite. In that case, the Supreme Court rejected a mootness challenge in the context of an unaccepted offer of judgment under [FRCP] 68 . . . Here, [defendant's] offer of a replacement product was not a settlement offer.")

Plaintiff points to no cases that apply *Campbell-Ewald* in a similar context. In its independent review, the Court finds that *Hayes* still applies where, like here, a refund offer is made in the ordinary course of business, far removed from litigation or, moreover, even the threat of litigation. Plaintiff's claims, therefore, are moot and the Court lacks subject matter jurisdiction over this case.

Finally, the Court is unpersuaded by Plaintiff's arguments that even had she accepted the refund, she would not have been made completely "whole." (Pl.'s Opp'n Br. 8-9.) In support, Plaintiff argues that the refund would not have provided complete relief because she would have had to pay for the postage and shipping costs to return the products. (*Id.* at 8.) Plaintiff also points to her allegation that she used her one annual right to reverse an insufficient charge without cause but does not specifically allege that she had an insufficient charge she was unable to reverse as a result. (*Id.*; *see* FAC ¶ 49.) Accepting these allegations as true, Plaintiff fails to offer any authority indicating these bases alone could provide the Court with subject matter jurisdiction. *N.J. Physicians, Inc. v. President of the United States*, 653 F.3d 234, 239 (3d Cir. 2011) ("Each plaintiff bears the burden of demonstrating standing 'with the manner and degree of evidence required at the successive stages of the litigation.'") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Further, Plaintiff failed to specifically allege the "lost time value of her money" in the Amended Complaint and raises it for the first time in her opposition brief. (Pl.'s Opp'n Br. 9.) *See Gould Elecs., Inc. v. United States*, 220 F. 3d 169, 176 (3d Cir. 2000) ("When reviewing

8

a facial challenge under Rule 12(b)(1), Rule 12(b)(6)'s standards apply – requiring that the Court must accept all factual allegations in the [c]omplaint as true, and that the Court may only consider the [c]omplaint and documents referenced in or attached to the [c]omplaint.").

## IV. CONCLUSION

The Court grants Defendant's Motion to Dismiss for lack of subject matter jurisdiction. The First Amended Complaint is dismissed without prejudice. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE